NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| LONNIE EDWARD PARKER, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 6: 05-113-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LAUREL COUNTY DETENTION | ) | **MEMORANDUM OPINION** |
| CENTER, et al., | ) | **AND ORDER** |
| | ) | |
|     Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

On March 10, 2005, Plaintiff Lonnie Parker, by counsel, filed this 42 U.S.C. §1983 action. This matter is pending for consideration of the Defendants' Motion to Partially Dismiss. [Record No. 2] For the reasons that follow, the Court will deny the motion, but will dismiss the claims asserted against unnamed Defendants who have not been served as of this date.

<u>CLAIMS AND RELIEF SOUGHT</u>

In March of 2004, while Parker was confined within the Laurel County Detention Center "for alleged criminal violations," he claims to have experienced violations of the following federal Constitutional rights: (1) his Eighth Amendment right to be free from cruel and unusual punishment; (2) his Eighth Amendment protection against deliberate indifference being exhibited to his substantial risk of serious harm and his serious security needs; and (3) his equal protection rights. Parker also alleges state claims for intentional infliction of emotional distress; unspecified "provisions of the Kentucky Revised Statutes"; and unspecified provisions of the Constitution of

the Commonwealth of Kentucky. Parker seeks damages, attorney's fees, and costs for these claimed violations.

## DEFENDANTS

The named defendants are: the Laurel County Detention Center; Laurel County Jailer Jack Sizemore; Laurel County Magistrates Roy Crawford, Tom Baker, David Westerfield, James Lewis, Billy Oakley, and Noah Baker; Laurel County Judge Executive Lawrence Kuhl, Matt Cooper, and "John Doe" unknown defendants of the Laurel County Detention Center. The defendants are named in both their individual and official capacities.

## PARKER'S ALLEGATIONS

Parker alleges that, on March 11, 2004, he was confined as a pre-trial detainee at the Laurel County Detention Center. He asserts that the Detention Center was dangerously overcrowded and in excess of its capacity, and that fact was known by the defendants, Magistrates, and County Judge Executive. He states that he was placed into a third-floor cell which (apparently) was outside the confines of the maximum security section of the jail. Defendant Matt Cooper and other unknown employees of the jail communicated to a maximum security inmate, James Brandstetter, that the Parker had been dating and having a relationship with Brandstetter's girlfriend while Brandstetter was confined in jail. Brandstetter, a maximum security inmate, was confined on the second floor. While the plaintiff slept in his third-floor cell, unspecified Defendants intentionally permitted Brandstetter to leave the maximum security section and enter the third-floor cell where the Parker was sleeping in order to attack the Plaintiff. Parker further asserts that Brandstetter attacked him, resulting in a fractured jaw, the insertion of two corrective plates, surgery, loss of consciousness, trauma to the face, mental pain, and other physical and psychological injuries. Brandstetter was told

by unspecified persons that his assault upon Parker had caused his death. Thereafter, Brandstetter allegedly hung himself in the Detention Center and died.

## MOTION FOR PARTIAL DISMISSAL

The Defendants have filed a Motion for Partial Dismissal. [Record No. 2] Through this motion, they assert the following:

(1) that the Laurel County Detention Center is merely a building and, therefore, cannot be a defendant;

(2) that the Magistrates and Judge-Executive Kuhl are entitled to absolute legislative immunity insofar as they are accused of providing insufficient funding that resulted in overcrowding;

(3) that the Magistrates and Judge-Executive Kuhl are entitled to absolute legislative immunity for all their actions of which the plaintiff complains;

(4) that the Magistrates and Judge-Executive Kuhl have no *respondeat superior* liability for the actions of their employees, as "all respondeat superior claims are not cognizable under §1983";

(5) that the Laurel County Fiscal Court is merely a legislative branch and political subdivision of Laurel County, Kentucky, and cannot be held liable for the acts or omissions of Laurel County employees or officials.

In his Response, Parker contends that counties do not have legislative immunity under 42 U.S.C. §1983. Further he argues that, under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1958), local governmental units are subject to suit for civil rights violations and that the current motion for partial dismissal is premature.

## PRETRIAL DETAINEE

It is presumed that Parker was a pre-trial detainee at the time his injuries were incurred. While the Eighth Amendment does not apply to pre-trial detainees, the Fourteenth Amendment affords those individuals a due process right that is analogous to the Eighth Amendment rights of prisoners. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Thus, to the extent the Parker relies upon the Eighth Amendment, and to the extent that he was a pre-trial detainee at the time his complained-of injuries were incurred, it is construed that he is asserting his claims under the Fourteenth Amendment.

## THE LAUREL COUNTY DETENTION CENTER

As an initial matter, the Defendants assert that the Laurel County Detention Center is merely a building and, therefore, should be dismissed as a Defendant to this action. However, the Court notes that a county is the proper party to redress the allegations made against a county jail. *Id.*; *see also Matthews v. Jones*, 35 F3d 1046 (6th Cir. 1994) (citing *Smallwood v. Jefferson Co. Govt.*, 743 F.Supp. 502, 503 (W.D. Ky. 1990)); *see also Johnson v. Hardin Co.*, 908 F.2d 1280 (6th Cir. 1990); *Brown v. Marshall Co.*, 394 F.2d 498 (6th Cir. 1968)). The Laurel County Detention Center is a subdivision of Laurel County and the county is the proper party/entity to address the allegations of claims made against the jail. Thus, to the extent this action is brought against the Laurel County Detention Center, it is deemed to have been brought against Laurel County. Therefore, the motion to dismiss will be denied as to this entity.

## LEGISLATIVE IMMUNITY

The Defendants also argue that the Magistrates and County Judge-Executive of Laurel County are entitled to legislative immunity insofar as they are accused of providing insufficient funding that resulted in overcrowding and for all their actions of which the plaintiff complains. There has been a strong indication that in 42 U.S.C. §1983 actions, legislative immunity is not

applicable to official capacity claims. *See Board of County Commissioners v. Umbehr*, 518 U.S. 668 (1996). However, in *Bogan v. Scott-Harris*, 523 U.S. 44 (1998), the Supreme Court squarely held that local legislators are entitled to the protection of absolute legislative immunity for their legislative activities. Unfortunately, in *Bogan* it was never made clear whether the defendants were being sued in their individual capacity or their official capacity or in both capacities.[1] It is also unclear whether legislative immunity is applicable when damages are sought. *See Scott v. Taylor*, 405 F.3d 1251, 1256 (11th Cir. 2005) (state legislators are entitled to absolute legislative immunity from official capacity §1983 suits for prospective relief). Thus, the current state of the law on legislative immunity, as applied to this case, leaves at least two questions unanswered. First, which specifically complained-of actions of the Defendants are deemed legislative activities and which complained-of actions are not legislative activities? Second, if an action is a legislative activity, then is legislative immunity available to protect the defendants in only their official capacity or in only their individual capacity or in both capacities or in neither capacity? The Defendants have not been specific in the request for the application of legislative immunity. They have not specified in what capacity (individual or official) legislative immunity should be applied. Further, they have not specified which alleged actions of which specific Defendant(s) is entitled to legislative immunity.

Whether an act of a government official is "legislative," for the purpose of legislative immunity under §1983, turns on the nature of the act, rather than on the motive or intent of the official performing it. *Kaahumanu v. County of Maui*, 315 F.3d 1215 (9th Cir. 2003). A court can determine whether a county official's act is "legislative," for purposes of legislative immunity under §1983, by considering each of the following four non-mutually-exclusive factors: (1) whether the

---

[1] It appears that at least one court has concluded that legislative immunity is not applicable to county commissioners' actions taken in their official capacities. *Bechard v. Rappold,* 287 F.3d 827 (9th Cir. 2002) (county commissioners' administrative or executive capacity actions are not entitled to the protection of legislative immunity).

act involves *ad hoc* decision making, or the formulation of policy; (2) whether the act applies to a few individuals, or to the public at large; (3) whether the act is formally legislative in character; and (4) whether it bears all the hallmarks of traditional legislation. *Id.* "Whether an act is *ad hoc* can depend on whether it is aimed at a few people or many, and whether an act bears all the hallmarks of traditional legislation can depend on whether it is *ad hoc*." *Id.* at 1220, n.4 (citing *Bechard v. Rappold,* 287 F.3d 827, 829-32 (9th Cir. 2002)).

To the extent the movant seeks legislative immunity for all actions taken by the Defendant magistrates and county judge-executive in passing the county budget for the jail, budgetary decisions rendered through legislative enactments may subject municipalities to §1983 liability. *Berkley v. Common Council of Charleston*, 63 F.3d 295 (4th Cir. 1995). Further, to the extent the Defendants seeks legislative immunity for all actions taken by the Defendant magistrates and county judge-executive for having created policies regarding the management of the Laurel County Detention Center or for having deferred their authority to a third party policy maker, and it is one or more of those policies that allegedly has caused the plaintiff the complained-of harms, legislative immunity may not be in order. *Marsh v. Butler County, Alabama*, 225 F.3d 1243 (11th Cir. 2000) (A county and county commissioners do not enjoy legislative immunity from liability for deliberate indifference to a substantial risk of serious harm to inmates). In short, at least one circuit has held that when county officials are acting as administrators or executives, they are not entitled to legislative immunity. *Bechard v. Rappold individually and in his capacity as Pondera County Commissioner*, 287 F.3d 827 (9th Cir. 2002).

Because Parker has not specifically pled exactly the actions taken by each individual Defendant that violated a specified constitutional right, it is impossible for the Court to determine at this time whether legislative immunity is applicable. Also, because the Defendants have not set

out the capacity in which they seek legislative immunity, the Court cannot grant the broad scope of legislative immunity that is being sought. As a result, the Defendants' Motion to Dismiss on the grounds of a broad grant of legislative immunity will be denied without prejudice. The Defendants may seek to renew their request for dismissal or summary judgment at such time as they are able to specify: (1) the capacity in which they seek legislative immunity, (2) the individual Defendant(s) for whom they seek such immunity, and (3) the specific actions that are alleged against each of those Defendants for which they seek such legislative immunity.

### *RESPONDEAT SUPERIOR* AND SUPERVISORY LIABILITY

The Defendants' Motion to Dismiss also seeks dismissal of this action because, they contend, the Laurel County Magistrates and Laurel County Judge-Executive Kuhl have no *respondeat superior* liability for the actions of their employees, as "all respondeat superior claims are not cognizable under §1983." This defense, in essence, is that Parker has not yet established personal responsibility on behalf of each of the named Defendants.

With respect to this claim, supervisory prison officials may be liable for their failure to develop adequate security policies, which amounts to a deliberate indifference to the risk of inmate assaults. *Roland v. Johnson*, 856 F.2d 764, 770 (6th Cir. 1988). It is true that Parker must plead or establish that the Defendants had personal involvement in the complained-of actions. *See Thompson, et al. v. County of Medina, Ohio, et al.*, 29 F.3d 238 (6th Cir. 1994); *see also Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) (per curiam), *cert. denied*, 502 U.S. 1032 (1992). "[A] violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 659 (6th Cir. 1994) (*citing Doe v. Sullivan County, Tennessee,* 956 F.2d 545, 550 (6th Cir. 1992), *cert. denied*, 113 S.Ct. 187 (1992); *see also Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 305-308

(1986)). When the theory of causation is a matter of pure speculation and is nothing more than a hypothetical argument, the pleadings are insufficient to sustain a compensable section 1983 claim. *Horn* at 659 (citing *Sullivan County*, *supra*, 956 F.2d at 550. "When monetary damages are sought under section 1983 . . . a showing of some personal responsibility of the defendant is required." *Johnson v. Glick*, 481 F.2d 1028, 1034 (2nd Cir. 1973). Thus, a plaintiff must prove that a particular defendant was personally involved in the deprivation of his rights. *Id.* Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. A plaintiff must demonstrate that the defendant proximately caused his alleged injuries. *White v. Gerbitz*, 892 F.2d 457, 463 (6th Cir. 1989). A complaint under 42 U.S.C. §1983 must allege that specific conduct by the defendant was the proximate cause of the §1983 injury. *King v. Massareh*, 782 F.2d 825, 829 (9th Cir. 1986).

When a complaint merely lists multiple defendants and then describes at length the facts generally without naming the specific defendants involved in each event and without setting forth with particularity which acts by each defendant caused each constitutional deprivation, the complaint is insufficient. *See Id.* "Congress did not intend §1983 liability to attach where causation is absent." *Deaton, et al. v. Montgomery Cty., et al.*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.* There is no §1983 liability where the actions of one private individual leading to the injury or death of another individual are too remote from the allegedly wrongful state action. *Gazette v. City of Pontiac, et al.*, 41 F.3d 1061 (6th Cir. 1994). *See also Janan v. Trammel*, 785 F.2d 557, 559 (discussing *Martinez v. California*, 444 U.S. 277, 285 (1980)); and *City of Canton v. Harris*, 489 U.S. 378, 385-86 (1989).

So far no discovery has taken place in this action. Therefore, at this stage of the pleadings, it is premature to determine that the plaintiff has been unable to establish the requisite amount of personal involvement of each of the named Defendants. Consequently, dismissal under this theory is not presently appropriate.

Similarly, the Defendants assert that the Laurel County Fiscal Court is merely a legislative branch and political subdivision of Laurel County, Kentucky, and cannot be held liable for the acts or omissions of Laurel County employees or officials. In a 42 U.S.C. section 1983 action, a claim against a local governmental official in his or her official capacity is equivalent to a suit against the local governmental entity. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989). The plaintiff must allege that supervisors condoned, encouraged, or participated in the alleged misconduct. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). "[T]he law is clear that liability of supervisory personnel must be based on more than merely the right to control." *Hayes v. Jefferson County, Kentucky*, 668 F.2d 869, 872 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory personnel are liable for constitutional violations only where evidence establishes that they authorized or approved the unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241 (6th Cir. 1989), *cert. denied*, 110 S.Ct. 2173 (1990); *Poe v. Haydon*, 853 F.2d 418 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989); *Aliot v. City of Shively*, 835 F.2d 1173, 1175 (6th Cir. 1987). Moreover, "[a] supervisory employee cannot be held liable under §1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Searcy v. City of Dayton, et al.*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984)). Governments and their supervisory personnel are not liable for every misdeed of their employees and agents. *Garner v. Memphis Police Dept., et al.*, 8 F.3d

358 (6th Cir. 1993). It is only when execution of a government's policy or custom inflicts an injury that the government or governmental supervisor is responsible under §1983. *Id.*

In a §1983 action, to establish the liability of a local governmental entity, a plaintiff must establish that the governmental entity "itself is a 'moving force' behind the deprivation [of a federal right]; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *See Ritchie v. Wickstrom*, 938 F.2d 689, 691-92 (6th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. at 165-66). In a 42 U.S.C. §1983 action, a local governing body can only be held liable where: (1) the allegedly unconstitutional act is a result of an unconstitutional policy officially adopted by the governing body's officers, *Johnson v. Hardin County*, 908 F.2d 1280 (6th Cir. 1990), or where (2) the local governing body has delegated to the jailer the responsibility of establishing policies to assure that prisoners receive proper care and the unconstitutional act has become the custom in the jail, tolerated by the jailer. *Johnson v. Hardin County*, 908 F.2d 1280 (6th Cir. 1990) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1249-50 (6th Cir. 1989), *cert. denied*, 495 U.S. 932, 110 S.Ct. 2173 (1990)). In this case, the Plaintiff has alleged that Laurel County had a governmental policy or custom that inflicted any injury on the plaintiff. In essence, he claims that Laurel County's governing body has adopted an unconstitutional policy which caused him harm. There are allegations regarding county policy or procedures, and there are allegations that the county knew about or condoned complained-of actions. The pleadings suggest that the local governmental entity was the moving force behind alleged deprivations. As a result, dismissal would be premature prior to discovery.

To the extent this action is brought against Laurel County to account for the alleged official capacity actions of unspecified and unidentified county deputy jailers, a governmental entity is not liable under §1983 for damages arising from employee conduct if that employee conduct is not

alleged to have arisen from the application of unconstitutional governmental entity policies and customs. *See Meyers v. City of Cincinnati*, 14 F.3d 1115 (6th Cir. 1994). A governmental entity is not liable under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), when the entity's officials were not following a custom or policy within the meaning of *Monell* and the complained-of act was not pursuant to a final policy attributable to the governmental entity. *See Id.* "A [governmental entity] is not . . . liable for every misdeed of its employees and agents. 'Instead, it is when execution of [its] policy or custom . . . inflicts the injuries that the government as an entity is responsible under §1983.'" *Meyers* at 1117 (quoting *Monell* at 694). "The 'official policy' requirement was intended to distinguish acts of a municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible." *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80). Acts of a municipality are distinguished from acts of employees of the municipality, and municipal liability is limited to actions for which the municipality is actually responsible. *Id.*

Failure to train, investigate, and supervise subordinates can cause a local government to be liable for resulting abridgement of citizens' constitutional rights, provided that the failure amounts to "deliberate indifference" to an individual's rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197 (1989); *see also Walker v. Norris*, 917 F.2d 1449 (6th Cir. 1990); *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241 (6th Cir. 1989), *cert. denied*, 495 U.S. 932, 110 S.Ct. 2173 (1990). In the present case, however, the plaintiff may have pled a failure-to-train claim. *See Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). In *Hale v. Randolph*, 2004 WL 1854179, *11 (E.D. Tenn.), the court explained :

> When a plaintiff alleges municipal liability for the actions of its officers due to the municipality's failure to train and supervise them, a ". . . governmental entity can be held liable under §1983 for its failure to properly train and supervise its employees.

> But liability will exist for the . . .[municipality]. . . only if . . . [the plaintiff]. . . can prove that the . . .[municipality's] failure to train or supervise evidences deliberate indifference to the rights of its inhabitants such that it in effect constitutes a governmental custom or policy within the *Monell* framework. *City of Canton*, 489 U.S. 378; *Stemler*, 126 F.3d at 865; *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994); *Leach*, 891 F.2d at 1247-48."

*Id.*

In *Otero v. Wood*, 316 F.Supp.2d 612 (S.D. Ohio, May 7, 2004), the court discussed a municipality's "failure to supervise, failure to train, failure to investigate or discipline . . . failure to develop plans and policies to deal effectively with a long known and recognized risk of . . . misconduct." In *Otero*, the court explained that one of two grounds upon which municipal liability may be imposed upon a governmental entity is for that governmental entity's "ratification of the unlawful conduct." *Id.* at 627. In this context,

> evidence of later events cannot establish that a given violation was caused by an official custom or policy. *Id.* (citing *See Joy v. City of Dayton*, No. C-3-990-132, 1991 WL 1092505, at *9-10 (S.D. Ohio June 28, 1991); *see also Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994). . . A municipality may, however, ratify its employees' acts--thereby subjecting itself to §1983 liability--by failing meaningfully to investigate those acts. *Wright v. City of Canton*, 138 F.Supp. 2d 955, 966 (N.D. Ohio 2001); *see Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246-48 (6th Cir. 1989); *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985). Viewed in this light, evidence that a municipality inadequately investigated an alleged constitutional violation can be seen as evidence of a policy that would condone the conduct at issue.

*Id.*

Based on the foregoing authorities, and at this juncture of the case, dismissal would not be appropriate under this additional theory.

### "JOHN DOE" DEFENDANTS

Parker also seeks to assert claims against certain unnamed employees of the Laurel County Detention Center. Pursuant to Federal Rule of Civil Procedure 4(m):

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Because the John Doe defendants have not been named and served within 120 days, the claims against them will be dismissed pursuant to Federal Rule of Civil Procedure 4(j).

## CONCLUSION

It is hereby **ORDERED** that the defendants' Motion to Dismiss [Record No. 2] is **DENIED**. However, the unnamed and unserved John Doe Defendants are hereby **DISMISSED**, without prejudice.

This 9th day of August, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge