UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| LONNIE EDWARD PARKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 05-113-DCR |
| ) | |
| V. ) | |
| ) | |
| LAUREL COUNTY DETENTION ) | **MEMORANDUM OPINION** |
| CENTER, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is currently pending for review of the Defendants' Motion for Reconsideration. [Record No. 12] Specifically, the Defendants have asked the Court to reconsider portions of its August 9, 2005, Order denying the Defendants' motion for partial dismissal. Through this motion, the Defendants have attempted to clarify some of the issues raised by the Court in its prior Order. These issues include: (1) the capacity in which the Defendants seek immunity; (2) the individual Defendants for whom immunity is sought; and (3) the specific actions that are alleged against each of those Defendants for which they seek legislative immunity.

The Plaintiff argues that the Court should deny the Defendants' motion based on the fact that the Defendants are simply attempting to take a "second bit of the apple" by arguing the same issues previously advanced in their Motion for Partial Dismissal. However, inasmuch as the Defendants have now addressed some of the issues raised by the Court in its August 9, 2005, Order, the Court will again review the validity of the claims asserted against the Defendants.

-1-

For the reasons discussed below, the Court will grant the motion for partial dismissal as it relates to the claims asserted against the Magistrates and the County Judge Executive in their individual capacities for their actions relating to the establishment, adoption, and amendment of the jail budget and the appropriation of funds for county affairs. The Court will also grant the motion with respect to dismissal of Laurel County Detention Center as a party but will construe such claims involving the Detention Center as ones against Laurel County. These claims will remain for resolution by the Court.

**I.     ANALYSIS**

*A.     Individual Capacity Claims*

Initially, the Defendants argue that the Plaintiff has failed to asserted a claim against Magistrates Roy Crawford, Tom Baker, David Westerfield, James Lewis, Billy Oakley, and Noah Baker (the Magistrates) and the County Judge Executive Lawrence Kuhl (Judge Kuhl) in their individual capacities. More specifically, they contend that the Complaint is insufficient to place the Magistrates or Judge Kuhl on notice that they may be personally liable for damages. Citing *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989), the Defendants contend that any claims the Plaintiff has asserted against the Magistrates and Judge Kuhl should be construed as official capacity claims.

In *Wells*, the court adopted the Eighth Circuit's interpretation of *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Relying on the Eighth Circuit's decision, the Sixth Circuit held that a plaintiff seeking damages under § 1983 must set forth clearly in his pleadings that he is suing state defendants in their individual capacity for damages, not simply in their capacity

as state officials. *Wells*, 891 F.2d at 591 (citing *Nix v. Norman*, 879 F.2d 429 (8th Cir.1989)). Specifically, the court noted that the face of a plaintiff's complaint must be clear enough notify a defendant of the personal nature of the suit. Citing the need to resolve immunity issues early in the proceedings and the need to abrogate the increasingly large number of frivolous cases have been filed in federal court, the *Wells* court determined that these pleading requirements apply to all plaintiffs, including those who are *pro se*. The court held that:

> [m]inimum pleading requirements are needed, even for *pro se* plaintiffs, whose lawsuits now comprise more than 1,000 or almost 25% of the appeals filed in this Court. It is certainly reasonable to ask that all plaintiffs, even *pro se* plaintiffs, some of whom file several appeals each year with us, alert party defendants that they may be individually responsible in damages. The trial and appellate courts should not have to guess at the nature of the claim asserted.

*Wells*, 891 F.2d at 594.

Although the Plaintiff's Complaint in this case is not as clear as it should be in setting forth the claims against the Magistrates and Judge Kuhl in their individual capacities, the Court cannot conclude that the Complaint, on its face, fails to provide sufficient notice to these Defendants of the personal nature of the suit. In several sections of the Complaint, the Plaintiff specifically alleges that he is suing the named Defendants "in their individual or official capacities as employees/agents of the Fiscal Court [and/or] Detention Center." [Record No. 1, Complaint ¶¶ 42, 43, 48] *See e.g., Rollins v. Agosta v. Farmer*, 731 F.2d 533, 536 n. 3 (8th Cir. 1984) (noting that a plaintiff who wishes to sue defendants in both capacities should simply state that he is suing each and all defendants in both their individual and official capacities). As such, the Court finds that the language in the Plaintiff's Complaint is sufficient to provide the Defendants with notice of their potential personal liability. *See Nix*, 879 F.2d at 431.

### B. *Legislative Immunity*

Next, the Defendants argue that the claims against the Magistrates and Judge Kuhl in their individual capacities relating to the establishment and adoption of budgets for the jail and the appropriation of funds for the administration of county affairs should be dismissed. Legislative immunity protects a legislator from being sued under § 1983 in his/her individual capacity for legitimate legislative acts. *Tenny v. Brandhove*, 341 U.S. 367, 377 (1951). Recently, in *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998), the Supreme Court extended this doctrine to local legislators. The Court stated that:

> [t]he rationales for according absolute immunity to federal, state and regional legislators apply with equal force to local legislators. Regardless of the level of government, the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability. Furthermore, the time and energy required to defend against a lawsuit are of particular concern at the local level, where the part-time citizen-legislator remains commonplace. And the threat of liability may significantly deter service in local government where prestige and pecuniary rewards may pale in comparison to the threat of civil liability.

*Id*. at 52. "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan*, 523 U.S. at 54. The proper inquiry, therefore, is "whether stripped of all considerations of intent ad motive, [the] actions [are] legislative." *Id*. at 55.

In Kentucky, Magistrates and the County Judge Executive constitute a county's Fiscal Court. The Fiscal Court is the board of officials through whom the affairs of a county are managed. The powers delegated to the Fiscal Court by Kentucky statutes are both legislative and administrative. *See e.g., Lynch v. Johnson*, 420 F.2d 818 (6th Cir. 1970). Here, the

Defendants argue that the Magistrates and the Judge Kuhl are entitled to absolute legislative immunity because they were acting in a legislative manner when they established and approved budgets for the jail and made decisions on how to appropriate funds for the administration of county affairs.

In *Bogan*, *id.*, the Court concluded that local officials were entitled to absolute immunity where they abolished the plaintiff's job by passing a city ordinance with potential implications beyond the current employee, despite evidence that the act was retaliatory and specifically targeted at the plaintiff. The Court held that the acts of "voting for an ordinance were, in form, quintessentially legislative." In addition, the court found that the introduction of a budget and signing into law an ordinance also were formally legislative, even though these actions were performed by an executive official. In making these determinations, the Court considered whether the actions of the defendants were "integral steps in the legislative process." *Id*. at 55.

Based on the above considerations, it is evident that the Magistrates and Judge Kuhl are entitled to legislative immunity for claims relating to their actions in establishing, adopting and amending a budget affecting the jail and in appropriating county funds. Initially, this Court notes that budget-making and the appropriation of county funds are quintessential legislative functions. *See e.g., Bogan*, 523 U.S. at 55; *see also Rateree v. Rockett*, 852 F.2d 946, 950 (7th Cir. 1988). Moreover, in considering the factors outlined in the August 9, 2005, Order, it is apparent that the establishment of a bail budget and disbursement of county funds are "legislative" in nature. [Record No. 1, pp. 5-6] These non-mutually exclusive factors include: (1) whether the acts involve *ad hoc* decision making or the formulation of a policy; (2) whether

the act applies to a few individuals, or to the public at large; (3) whether the act is formally legislative in character; and (4) whether it bears all the hallmarks of traditional legislation. *Kaahumanu v. County of Maui*, 315 F.3d 1215, 1220 (9th Cir. 2003) (citing *Bechard v. Rappold*, 287 F.3d 827, 829-32 (9th Cir. 2002)). Applying these factors to the present action, the Court notes that the setting of a county's budget and the appropriation of its funds are discretionary, policymaking decisions. The Plaintiff has alleged that Fiscal Court's budgetary decisions had the affect of causing overcrowding at the Detention Center which ultimately resulted in his alleged injuries. However, the Fiscal Court's actions with respect to the jail budget and the distribution of funds were not specifically targeted to cause harm to the Plaintiff. In fact, almost all budget decisions have prospective implications well beyond a particular incident or individual and, therefore, are generally considered to affect the public at large.

The Court agrees with the Defendants that the proposal and approval of a budget as well as the disbursement and division of resources for the public bears all the hallmarks of traditional legislation. Accordingly, for the reasons stated herein, the Court finds that the Magistrates and Judge Kuhl are entitled to legislative immunity with respect to the Plaintiff's claims relating to their actions in developing budgets and appropriating county funds.

### C. Claims Against the Laurel County Detention Center

The Defendants have also requested that the Court reconsider its ruling with respect to the Plaintiff's claims against the Laurel County Detention Center (Detention Center). Specifically, the Defendants argue the Detention Center is merely a building and should be dismissed as a Defendant. In the August 9, 2005, Order, the Court construed any and all claims

made by the Plaintiff against the Detention Center as claims against Laurel County. As noted in the prior Order, since the Detention Center is not an entity which may be sued, the county is the proper party to address the allegations set forth in the Plaintiff's Complaint that relate to incidents at the Detention Center. Accordingly, the Court will dismiss the Detention Center as a party but will construe any and all claims relating to incidents at the jail as claims against the county.

## II. CONCLUSION

For the reasons stated herein, it is **ORDERED** as follows:

1. The Defendants' Motion for Reconsideration [Record No. 12] construed as a Renewed Motion for Partial Dismissal is **GRANTED**, in part, and **DENIED**, in part, to the extent discussed herein;

2. The Plaintiff's claims against the Magistrates and Judge Kuhl, in their individual capacities, which relate to their legislative activities of developing budgets and appropriating funds are **DISMISSED**; and

3. The Laurel County Detention Center is **DISMISSED** as a party from this action.

This 3rd day of November, 2005.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge